**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATYA ALEXANDRA GARCIA-HENRIQUEZ,<br><br>                              Petitioner,<br><br>v.<br><br>DIRECTOR, OTAY MESA DETENTION CENTER, et al.,<br><br>                              Respondents. | Case No.: 3:26-cv-00249-RBM-BJW<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(2) REQUIRING A RESPONSE TO THE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Docs. 1–3]** |

On January 13, 2026, Petitioner Katya Alexandra Garcia-Henriquez ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus for Unlawful and Prolonged Detention ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1) and an Emergency Motion for Expedited Review (Doc. 3). In the Petition, Petitioner claims she is being detained at the Otay Mesa Detention Center in violation of the Fifth Amendment's Due Process Clause. (Doc. 1 at 1.)

That same day, Petitioner also filed an Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Motion") in which she attests she has no means to pay the $5.00 filing fee. (Doc. 2 at 1–2.) Accordingly, the Court **GRANTS** Petitioner's

IFP Motion. The Clerk shall file the Petition without prepayment of the filing fee.

The Court also finds that summary dismissal of the Petition is unwarranted. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.") (citation omitted). Respondents are hereby **ORDERED TO SHOW CAUSE** on or before **January 23, 2026 at 4:30 p.m.** as to why the Petition should not be granted by: (1) filing a written response; (2) filing as exhibits all documents or evidence relevant to the determination of the issues raised in the Petition, including, any documents reflecting Petitioner's immigration history and any decisions issued by the immigration court to the extent they exist; and (3) making a recommendation regarding the need for an evidentiary hearing. Petitioner **MAY FILE** a reply on or before **January 30, 2026 at 4:30 p.m.** The matter will be deemed under submission at that time and the Parties shall await further order from the Court.

To preserve the Court's jurisdiction, and to maintain the status quo, Petitioner **SHALL NOT** be transferred outside of the Southern District of California pending a ruling in this matter. *See Doe v. Bondi*, Case No.: 25-cv-805-BJC-JLB, 2025 WL 1870979 at *1 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether [they have] subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (collecting cases).

The Clerk of the Court is **DIRECTED TO TRANSMIT** a copy of the Petition (Doc. 1), the Emergency Motion for Expedited Review (Doc. 3), and this Order to the United States Attorney's Office.

**IT IS SO ORDERED**.

DATE: January 16, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE