# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

KATYA ALEXANDRA GARCIA-HENRIQUEZ,

Petitioner,

v.

CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,

Respondents.

Case No.: 3:26-cv-00249-RBM-BJW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Katya Alexandra Garcia-Henriquez's ("Petitioner") Petition for Writ of Habeas Corpus for Unlawful and Prolonged Detention and Request for Immediate Release or, in the Alternative, a Bond Hearing ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1) and Emergency Motion for Expedited Review (Doc. 3).  Petitioner claims she is being detained at the Otay Mesa Detention Center in violation of the Fifth Amendment's Due Process Clause.  (Doc. 1 at 1.)  For the reasons set forth below, the Petition is **GRANTED**.

## I.    BACKGROUND

Petitioner, a national of El Salvador, entered the United States on September 24, 2023.  (Doc. 1 at 1–2; Doc. 1-2 at 4.)  Petitioner was subsequently released pursuant to an Order of Release on Own Recognizance, issued on a Form I-220A, and placed in removal

1

proceedings under 8 U.S.C. § 1229a.  (Doc. 1 at 2; Doc. 1-2 at 4.)

On July 10, 2025, an immigration judge continued Petitioner's case.  (Doc. 1-2 at 4.)  Petitioner alleges "that the Department of Homeland Security dismissed the case because [she] had not been afforded a credible fear interview. (Doc. 1 at 2.)  After attending the immigration hearing and "[u]pon exiting the courthouse," Petitioner was arrested by United States Immigration and Customs Enforcement ("ICE") agents "without a judicial arrest warrant, any violation of her I-220A conditions, [or] any new alleged misconduct." (*Id*. (cleaned up); Doc. 1-2 at 4.)  Petitioner received a credible fear interview which resulted in a positive credible fear determination.  (Doc. 1 at 2.)  Petitioner's immigration case was then re-opened, and Petitioner re-filed her asylum application.  (*Id*.)

## II.   **LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   **DISCUSSION**

Respondents concede that Petitioner, as a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), is detained under 8 U.S.C. § 1226(a) and therefore entitled to a bond hearing. (Doc. 7 at 2.)  Because the Parties agree that Petitioner is detained under § 1226, the Court **GRANTS** the Petition.

However, the Court disagrees that a bond hearing is the appropriate remedy. Petitioner requests her immediate release and claims that ICE revoked her release pursuant

3:26-cv-00249-RBM-BJW

to the Order of Release on Own Recognizance and re-detained her in violation of due process.  (Doc. 1 at 2.)[1]

Courts have recognized that the term "released on their own recognizance" typically refers to conditional parole. *J.S.H.M v. Wofford*, Case No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)."). This Court has granted several habeas petitions filed by similarly situated petitioners who were re-detained several years after having been released pursuant to an Order of Release on Own Recognizance.  In *Faizyan v. Casey*, the Court applied the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976) and found that Respondents' summary revocation of the petitioner's "conditional parole without an opportunity to be heard deprived [him] of his due process rights."  Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025); *see Xie v. LaRose*, Case No.: 3:25-cv-03649-RBM-MSB, 2026 WL 92066, at *2 (S.D. Cal. Jan. 13, 2026); *see also Naveen v. LaRose*, Case No.: 25-CV-3689 JLS (AHG), 2025 WL 3771900, at *2 (S.D. Cal. Dec. 30, 2025) (rejecting Respondents' argument that petitioner is a *Bautista* class member and therefore only entitled to a bond hearing); *Lozada v. Larose*, Case No.: 25cv3614-LL-KSC, 2026 WL 184205, at *2 (S.D. Cal. Jan. 23, 2026) (rejecting same argument and releasing petitioner on due process violation); *Garcia v. Noem*, No. Case No.: 25cv3759-LL-BLM, 2026 WL 194745, at *2–4 (S.D. Cal. Jan. 26, 2026) (same).  The Court "conclude[d] that due process require[d] [the petitioner] to be released from custody and receive a bond hearing before an immigration judge before he can be re-detained."  *Faizyan*, 2025 WL 3208844, at *7.

---

[1]  The Court notes that Respondents did not respond to Petitioner's argument that immediate release is proper.  "Generally, a party waives argument when it fails to respond to an argument made to the court."  *United States v. Cabrera*, 796 F. Supp. 3d 660, 664 (S.D. Cal. 2025) (citing *United States v. Caceres-Olla*, 738 F.3d 1051, 1053 n.1 (9th Cir. 2013)).  This alone constitute grounds to grant Petitioner's immediate release.

3:26-cv-00249-RBM-BJW

Several district courts have also found due process violations where the petitioners were released under an Order of Release on Recognizance issued on a Form I-220.  *See C.A.R.V. v. Wofford*, Case No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding due process violation where the petitioner was originally released on an order of release on recognizance); *Leiva Flores v. Albarran*, Case No. 25-cv-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025) (finding the same and requiring hearing before detention).

Like in *Faizyan*, Petitioner was released on an Order of Release on Own Recognizance and lived in the United States for almost two years before she was re-detained.  Petitioner therefore had a protected liberty interest in remaining free from detention.  *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[T]he government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if they fail to live up to the . . . conditions of release.'") (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).  "As ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined she was neither." *Id*. at 1034.  Petitioner also alleges that she was not provided with an arrest warrant or informed of any violation of release conditions or any new allegations of misconduct to justify her re-detention.  (Doc. 1 at 2.)  Respondents provide no evidence that Petitioner was afforded any notice or opportunity to be heard regarding the revocation of her conditional parole.  (*See generally* Doc. 7.)

Accordingly, the Court adopts its reasoning in *Faizyan* and applies it here.  For those same reasons, ICE's revocation of Petitioner's release on recognizance without a pre-deprivation or bond hearing violated her due process rights and rendered her detention unlawful.  To the extent Respondents argue that Petitioner is entitled only to a bond hearing, this argument "misapprehend[s] the purpose of a pre-detention hearing: if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid." *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021); *see also E.A. T.-B.*

4

*v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025).

### IV.   CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Accordingly, the Court **ORDERS** as follows:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of her preexisting Order of Release on Own Recognizance.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.[2]

3. The Motion to Expedite (Doc. 3) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATE:  February 6, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2]  This relief has been granted in similar matters.  *See E.A. T.-B*, 795 F. Supp. 3d at 1324; *Duong v. Kaiser*, — F. Supp. 3d —, 2025 WL 2689266, at \*7–10 (N.D. Cal. Sept. 19, 2025); *Lepe v. Andrews*, — F. Supp. 3d —, 2025 WL 2716910, at \*10 (E.D. Cal. Sept. 23, 2025).

3:26-cv-00249-RBM-BJW